IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD EARL HILL, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 3:06-CV-1156-P |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I.  BACKGROUND

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Richard Earl Hill, TDCJ # 1313408, was in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), when this petition was filed. Hill was released on parole and/or mandatory supervision on March 3, 2008, and currently resides in Paris, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.  **FACTUAL AND PROCEDURAL HISTORY**

On June 22, 2005, Hill pled guilty to the offense of felon in possession of a firearm in the 196th District Court of Hunt County, Texas, No. 22,831 pursuant to a negotiated plea bargain agreement, and the trial court assessed his punishment at six years' confinement. (State Habeas R. at 37.)[1] Hill did not appeal his conviction or sentence. (Petition at 3.)  He did, however, file a state application for writ of habeas corpus challenging his conviction and sentence, which was denied without written order by the Texas Court of Criminal Appeals. (State Habeas R. at cover.) *See also* state court case information, *available at* http://www.cca.courts.state.tx.us. This federal petition followed.

D.  **ISSUES**

Hill raises the following claims:  (1) his sentence is illegal; (2) he received ineffective assistance of trial counsel; (3) his conviction was obtained by a violation of the Double Jeopardy Clause; and (4) the indictment was defective. (Petition at 7-8 & Amendments.)

E.  **RULE 5 STATEMENT**

Hill has sufficiently exhausted his state remedies as to the claims presented as required by 28 U.S.C. § 2254(b)(1).

## II. ANALYSIS

A.  **LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in

---

[1] "State Habeas R." refers to the record of Hill's state habeas Application No. WR-63,826-02.

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

Federal courts are required to give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits that is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

**B.    INEFFECTIVE ASSISTANCE OF COUNSEL**

Hill claims his counsel was ineffective by (1) failing to investigate his case and show interest on his behalf, (2) lying in court, (3) refusing to accept his phone calls and answer his mail, and (4) failing to file a motion to quash the indictment. (Petition at 7-8.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.

3

U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89.

Once a voluntary guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Thus, because Hill complains of alleged acts or omissions occurring before the plea proceeding and/or unrelated to the voluntariness of his guilty plea, the claims are nonjurisdictional and are waived by the plea if his plea was voluntarily and knowingly entered. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002); *Kelly v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981).

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various

4

constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record in this case does not demonstrate that Hill's guilty plea was in any way induced by misunderstanding, coercion, or misrepresentation on the part of the court, prosecutor, or his trial counsel. Although there is no record of the plea proceeding and there was no hearing held in the state habeas proceeding, the documentary record supports a determination that Hill's plea was voluntarily and knowingly entered. The record reflects that Hill entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. (State Habeas R. at 20-29.) Hill executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his plea, that his plea was "freely and voluntarily entered," that he was "totally satisfied" with the representation received from counsel, and that counsel provided fully effective and competent representation. (*Id.* at 24.) *See Blackledge*, 431 U.S. at 74; *Kelley*, 636 F.2d at 1084. Further, Hill stipulated that he committed the offense as charged in the indictment. (*Id.*) Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

Hill offers nothing more than his unsubstantiated allegations concerning counsel's

5

representation or any influence counsel had on his decision to plead guilty. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Hill's claims, after the fact and unsupported by anything in the record, are insufficient to rebut the presumption of regularity of the state court records and the presumption that he received effective assistance of counsel. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same); *Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also, e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems). Hill has not shown that his guilty plea was not voluntary and knowing, and his ineffective assistance claims are waived and/or unsupported by any evidence in the record.

## C. DEFECTIVE INDICTMENT AND ILLEGAL SENTENCE

Hill claims that because he was not indicted until 188 days after his arrest, the indictment was defective and untimely and his sentence was therefore illegal. (Petition at 7-8.)

Hill's claims arise under article 32.01 of the Texas Code of Criminal Procedure, which provides that an indictment may be dismissed if not presented within 180 days of incarceration or issuance of bail. *See* TEX. CODE CRIM. PROC. art. 32.01 (Vernon 2006).[2] The issuance of an

---

[2]Article 32.01 states:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

indictment more than 180 days after incarceration or issuance of bail triggers the provisions of the speedy trial act. *State v. Saavedra,* 2005 WL 1714296, *2 (Tex. App.–Corpus Christi Jul. 21, 2005, no pet.); *see also State v. McCoy*, 94 S.W.3d 296, 301-302 (Tex. App.–Corpus Christi 2002, no pet.)(speedy trial motion based on art. 32.01 filed after indictment has no effect). A speedy trial violation is a non-jurisdictional defect that was waived by Hill upon entering his guilty plea. *See United States v. Bell*, 966 F. 2d 914, 915 (5th Cir. 1991). Accordingly, these claims do not entitle him to habeas relief.

**D.    DOUBLE JEOPARDY**

Hill claims that double jeopardy barred his reindictment on the same charge in a different court four days after the original indictment was dismissed. (Petition at 7.)

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be twice put in jeopardy of life or limb" for the "same offense." U.S. CONST. amend. V. The Clause affords three protections to a criminal defendant. *Jones v. Thomas,* 491 U.S. 376, 380-81 (1989). It protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense imposed in a single proceeding. *Id.* In this case, Hill was not acquitted, nor was he convicted of the charge of felon in possession of a firearm under the first indictment, which was dismissed. Reindictment for the same offense by a subsequent grand jury does not involve the bar of double jeopardy–it descends only after the trial of one of the indictments has terminated in such a way that jeopardy has attached. *United States v. Jasso*, 442 F.2d 1054, 1056 (5th Cir. 1971). Jeopardy did not attach as to the first indictment where no jury had been empaneled and sworn, no witness sworn, or no guilty plea entered. *See Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir. 1987)*; Von*

7

*Burleson v. Estelle*, 666 F.2d 231, 233-34 (5th Cir. 1982).

Hill has not shown that the state court's decision to reject his claims is contrary to, or involved an unreasonable application of, clearly established federal law on the issues or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III. RECOMMENDATION

It is recommended that Hill's petition for writ of habeas corpus be **DENIED**.

SIGNED on this 16th day of July, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE